GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. M. L. SCHUESSLER.

Decided June 14, 1909.

1.—**Bridge over Excavation in Street—Invitation to Public to Use Walkway.**

Where the plaintiff was injured by reason of the giving away of the planks constituting a walkway over a tunnel under the defendant's track in a public street, and the walkway was placed in the street by the defendant in a position convenient for use by the public, and there was nothing in the character of the structure indicating that it was not intended to be so used or that it was unsafe, and the undisputed evidence showed that it was generally used by the public with the knowledge of defendant, the issue of an implied invitation on the part of defendant for the public to use such walkway was for the jury.

**2.—Same—Trespasser.**

The intention on the part of defendant that the walkway or bridge over an excavation in the street should only be used by its employes would not make others who might use it trespassers unless such intention was made known to the public in some proper way; and it can not be held that one using said way and injured by reason of a defect therein, or the general public, would be charged, as a matter of law, with knowledge of such intention from the fact that persons had occasionally been prevented from using it and told that it was not placed there for public use.

**3.—Contributory Negligence—Choice of Ways.**

The rule that one having a safe way and voluntarily chooses an unsafe one and is thereby injured is, as a matter of law, guilty of contributory negligence and can not recover, can only apply when the way chosen is obviously unsafe or one that a person of ordinary prudence would consider dangerous.

**4.—Negligence.**

Where the public had the right to assume that the walkway over an excavation in the street was placed there by defendant for its use, and the defendant knew and acquiesced in such use by the public, it was the duty of defendant to keep same in safe condition or to use ordinary care in this regard. See proper charge.

**5.—Damages—Impaired Earning Capacity.**

Where the evidence was sufficient to warrant a finding that the plaintiff's impaired capacity to work would continue for an unlimited time and might be permanent, it was proper to submit as an element of damage the impaired ability to earn money in the future.

Appeal from the District Court of Harris County. Tried below before Hon. Chas. E. Ashe.

*Baker, Botts, Parker & Garwood* and *Lane, Jackson, Kelly & Wolters,* for appellant.—There is no evidence in the record showing any express or implied permission on the part of the railway company for the appellee or others to use its track over the bridge as a pathway. The appellee was, therefore, a trespasser and not a licensee, and the railway company owed her no duty to have its track at said point in a condition having special reference to her walking over the same with safety. Railway v. Shiflet, 83 S. W., 678; Railway v. See, 79 S. W., 254; Masser v. Railway, 27 N. W., 776; Ball v. City of El Paso, 5 Texas Civ. App., 221; Railway v. Gasscamp, 69 Texas, 546; Railway v. Robertson, 27 S. W., 565; McCutchen v. Gorsline, 86 S. W., 1044; Williamson v. Railway, 88 S. W., 279; Dobbins v. Railway, 91 Texas, 60; Oil Company v. Morton, 70 Texas, 400; Barney v. Railway, 28 S. W., 1073.

The undisputed testimony showing that the appellee knowingly and voluntarily chose to walk immediately on the track of the appellant and across the bridge of the tunnel, which was then in a state of unfinished construction, when she knew, or must have known, that she must incur risk and danger, and she failed to choose and travel some other route to her destination, known to be safe, such conduct on her part, under the circumstances, was so opposed to the dictates of common prudence that it can reasonably be said that no careful person would have done so, and she was not entitled to recover, as a matter of law.

*Lovejoy & Parker,* for appellee.

PLEASANTS, CHIEF JUSTICE.—This suit was brought by appellee to recover damages for injuries to her person, alleged to have been caused by the negligence of appellant and others. Plaintiff received the injuries of which she complains by reason of the giving away or displacement of one of the planks constituting a walkway over a tunnel under defendant's track in Montgomery Street, in the city of Houston. The acts of negligence upon which the liability of defendant is predicated are particularized in the petition as follows:

"(a) That said defendants negligently and carelessly constructed and provided a defective, insecure and insufficient bridge or passageway over the excavation or tunnel which was being constructed by them in said Montgomery Avenue, in that a portion of the floor thereof was so unsafe and defective as to cause plaintiff to fall, as aforesaid, and that, as a result of the defective construction of said bridge, or passageway, plaintiff received the injuries complained of.

"(b) The defendants, after having constructed said bridge, or passageway, over said tunnel, for the use of the public in passing upon said Montgomery Avenue over said tunnel, negligently failed and neglected to keep and maintain said bridge in a safe and proper condition, for the uses and purposes for which it was constructed, designed and used.

"(c) In that said defendants constructed and maintained said bridge, or passageway, over said tunnel, which was obviously designated and intended to be used by pedestrians in passing upon said street, and to enable them to pass over said tunnel, and by reason of the defendants having constructed said bridge at said point upon said street, they invited the public, and especially this plaintiff, to use the same for the purpose for which the same was obviously constructed and intended, and to walk over the same in passing along said street and over said tunnel; that the construction and maintenance of said bridge, in the manner as hereinbefore alleged, constituted an invitation upon the part of said defendants to the public, and especially this plaintiff, to walk over and use the same for the purpose of crossing said tunnel, and that after having so constructed the same, said defendants negligently failed to so construct and maintain the same, so that it could be used for the purpose intended with safety."

The appellant pleaded general demurrer, general denial and specially answered denying that at the time of the accident the appellee was acting upon an invitation on the part of appellant, but that prior to said accident, under authority, and by the direction of the government of the city of Houston, and acting under supervision and orders of the city engineer of the city of Houston, the appellant was engaged in the construction of a tunnel under the tracks on Montgomery Avenue, a street in the city of Houston, and that the said city of Houston, for the purpose of constructing said tunnel, had caused and ordered the said Montgomery Avenue, at its points of intersection with appellant's tracks, to be closed and abandoned for the purpose of public traveling, and ordered and directed by

ordinance that the crossing by travelers over the surface of appellant's tracks and roadbed, at the intersection of Montgomery Avenue, should cease and discontinue; that on the occasion of the alleged injury to appellee, that portion of Montgomery Avenue, at the intersection of its tracks and roadbed, and upon the surface thereof, was not a public thoroughfare, nor designed to be used as such, but the travel of the public thereon was excluded; that on the occasion of the alleged injury appellee was walking upon the tracks and roadbed of appellant at and in the vicinity of their intersection with said Montgomery Avenue, and that she was then and there a trespasser upon the tracks and property of appellant, and she then and there improperly and negligently entered upon the tracks and roadbed of appellant extending over the excavation then and there existing and being made, in the course of constructing said tunnel as ordered by the city, and she stepped upon some of the planks that were placed there temporarily for use of appellant's employes, and not for the public, taking no precaution whatever for her own safety, thus contributing to her own alleged injury.

That appellee knew appellant's said premises were not in a reasonably safe condition for her, as a pedestrian, to walk upon or over; that she knew said street at said place had been closed by the city, and knew, or by the exercise of ordinary care would have known, that that portion of Montgomery Avenue intersecting appellant's tracks and roadbed where said tunnel was being constructed, under the orders and ordinances of the city of Houston, was torn up and was not in a safe or proper condition for her to walk over and that she would likely be injured thereby; nevertheless she carelessly trespassed upon the premises of appellant, and walked along and on th line of its tracks and upon its roadbed, and walked upon the loose planks that were placed temporarily upon the ties over the excavation, as aforesaid, and thus, through her own want of vigilance and ordinary care, she caused or contributed to her alleged injury.

Plaintiff dismissed her suit as to the other defendants. The trial by a jury in the court below resulted in a verdict and judgment in favor of plaintiff against appellant for the sum of $1800.

Prior to the date of appellee's injury the appellant, by permission of the city of Houston, under authority of an ordinance of said city, began the construction of a tunnel under its tracks on Montgomery Avenue in said city. At the time of the accident the work of constructing this tunnel had been in progress for some time and the earth had been removed from under the tracks to a depth of six or eight feet, and the track was supported by timbers placed upon upright pillars. On either side of this excavation a plank walk had been constructed by appellant for the use of persons desiring to pass along said street. These walks were connected by a bridge or passageway over said excavation, which was constructed by placing heavy planks between the rails of one of the tracks crossing the excavation and also along both sides of said track, covering a space of about six feet, the entire width of said bridge or passageway being about sixteen feet. The planks of which this bridge was constructed were laid close together and formed a solid floor, covering the exca-

vation to the extent stated. These planks were nailed only sufficiently to keep them as placed temporarily.

Montgomery Avenue runs north and south, and at the place at which the tunnel was being constructed it is crossed at right angles by a number of tracks of appellant railroad. When appellant began the construction of the tunnel it built a fence on both sides of its tracks, partially inclosing that portion of the street in which the tunnel was being constructed. This fence could not be built across the tracks so as to entirely enclose the tunnel without preventing their use, but it served as a barrier to the use of the street at this place except by pedestrians for whose accommodation the walk on either side of the excavation was constructed as before stated.

The passageway or bridge across the excavation before described was constructed by appellant for the use of its employes and was not intended for the use of the public, but the evidence shows that it was generally used by the public in crossing from one side of the street to the other and that appellant knew that it was so used. There was evidence that persons had been occasionally told by the contractor in charge of the work not to walk across this excavation, but no warning signs were placed at either end of the passageway covering said excavation. A watchman was kept on the north side of the tracks to prevent persons in vehicles using Montgomery Avenue from driving over the tracks at this place.

On the morning of her injury the appellee, who lives on the south side of and near appellant's road several blocks west of Montgomery Avenue, left her home to attend services at a church situated on the north of appellant's tracks several blocks east of Montgomery Avenue. The most convenient and usual way for her to go from her home to the church was to follow a walkway or path which ran along the south side of the railroad right of way near the tracks until she reached a street east of Montgomery Avenue, at which place she crossed the railroad tracks and proceeded north along said street until she reached the church. This pathway was obstructed by the fencing before mentioned on the south side of the tracks on Montgomery Avenue, and when she reached this place she turned north along the walkway before mentioned on the west side of the tunnel, and when she reached the bridge or passageway over the excavation she crossed over same to the walkway constructed along the opposite side of the tunnel, which she followed south until she regained the path before mentioned, along which she continued her journey. She returned from church by the same route she had taken in going, and while crossing the bridge or passageway over the excavation in Montgomery Avenue the end of one of the planks in the floor of the bridge gave way or tilted down and her foot and leg slipped through and was caught and held by the rebounding plank. She was thrown down and received wounds and bruises which caused her to suffer much pain and greatly reduced her capacity for work of any kind. She still suffers as a result of these injuries, and the evidence as to her present condition warrants the conclusion that her suffering and incapacity from said injuries will continue for an indefinite length of time, and may be permanent.

The giving away of the plank upon which appellee stepped was due to the fact that the end upon which she stepped did not reach the crosspiece of timber upon which it should have rested. There was nothing in the appearance of the plank when appellee stepped upon it to indicate that it was not properly supported.

The bridge or passageway was intended to be made safe for persons to walk over, but, as before stated, was constructed for the use of appellant's employes and with no intention of its being used by the public. Appellee supposed when she went upon it that it was placed there for the use of the public and there was nothing to indicate that it was not so intended or that it was not safe for her to use it. She could very easily have turned south when she reached Montgomery Avenue and walked around the fence before mentioned inclosing the south end of the tunnel. This route would have been one or two hundred feet farther, and there was rubbish and material around the end of the tunnel which would have probably made the walking there somewhat inconvenient, but the way would have been safe. The accident occurred on Sunday morning and work on the tunnel was suspended for that day.

The ordinance under which the tunnel was constructed contains the following provisions:

"Sec. 3. That whenever the said subway shall be constructed and completed as herein directed and required, Montgomery Avenue as a thoroughfare, and all travel or right of travel over and across the tracks of the said railway company at the intersection thereof with the said Montgomery Avenue shall be discontinued and abandoned, and it shall thereafter be unlawful, and thenceforth such thoroughfare and all travel or right of travel along Montgomery Avenue at the intersection of said avenue with the tracks of said railway company shall be through and along said subway exclusively and all claim of the city of Houston in or to Montgomery Avenue, at the intersection thereof with the tracks of said railway company, at grade or otherwise, except in and through the said subway, is hereby relinquished and released to the said railway company, for the sole and exclusive benefit of it and of its successors and assigns, and the said railway company shall have the right, and is hereby authorized and empowered, upon the construction and completion of said subway, to lay and construct all such additional tracks across Montgomery Avenue, above said subway, at the intersection of said avenue with the tracks of said company, as it may desire; said additional tracks to be constructed and maintained as per plans and specifications for tunneling under said tracks now laid at the said intersection; the city of Houston reserving the right, however, to widen said tunnel or subway, or construct a viaduct over said tracks of said railway company at said point should the necessities of the public hereafter demand that same be done."

"Agreement.

"Fifth. The contractor hereby agrees to observe all city ordinances in relation to obstructing streets, keeping open passageways and pro-

tecting same when exposed, maintaining signals, and agrees to erect and maintain good and sufficient guards, barricades and signals at all unsafe places, at or near said work and improvement contemplated herein to be done or made."

The first assignment of error complains of the refusal of the trial court to instruct the jury to return a verdict for the defendant.

The contentions under this assignment are, first, that there being no evidence of either an expressed or implied invitation on the part of the appellant for the appellee to use the passageway along its track over said tunnel, appellee was a trespasser upon appellant's track and appellant owed her no duty to keep said passageway safe, and, second, that the undisputed evidence shows that appellee having a safe way along which she could have reached her destination, voluntarily chose the dangerous way, and therefore is not entitled to recover for injuries received as the result of such voluntary choice on her part.

We do not think either of these contentions is sound. Waiving the question of whether the appellant under the provisions of the ordinance above set out had the right to prevent the public from walking over or along its tracks on Montgomery Avenue before the completion of the tunnel, we think the evidence clearly raised the issue of an implied invitation on the part of appellant for the use by the public of the passageway, the insecurity of which caused appellee's injuries. This bridge or passageway was placed over the excavation in the street in a position convenient for use by the public. There was nothing in the character of the structure which indicated that it was not intended to be so used or that it was unsafe, and the undisputed evidence shows that it was generally used by the public with the knowledge of the appellant. The intention of the appellant that it should only be used by its employes would not make others who might use it trespassers unless such intention was made known to the public in some proper way, and it can not be said that appellee or the general public would be charged as a matter of law with knowledge of such intention from the fact that persons had occasionally been prevented from using it and told that it was not placed there for public use.

The rule that one having a safe way voluntarily chooses an unsafe one and is thereby injured is, as a matter of law, guilty of contributory negligence and can not recover for injuries thus received can only be applied when the way chosen is obviously unsafe or one that a person of ordinary prudence would consider dangerous, and the facts of this case do not compel the application of this rule. The most that can be said is that the issue of contributory negligence in this respect was raised by the evidence, and that issue was submitted by a proper charge.

We think the facts before set out sustain the findings of the jury that appellee was not a trespasser and was not guilty of contributory negligence in using said passageway. This conclusion disposes of the second and third assignments of error which assail the verdict on the grounds that the findings above stated are not supported by the

evidence and are contrary to the undisputed evidence, and said assignments are overruled.

The fourth assignment of error complains of the following paragraph of the charge given the jury:

"Now, therefore, if you shall believe, from a preponderance of the evidence, that there was a board or plank passageway laid between the rails of defendant's tracks, from the east side of Montgomery Street to the west side thereof, over an excavation being made in the process of constructing the said tunnel, and you believe that the said passageway was commonly and habitually used by the public in passing from one side of the street to the other, with the knowledge and acquiescence of said defendant; and you believe that while plaintiff was crossing over the same, a plank thereon gave way at one end, and caused plaintiff to fall and be injured, substantially in any of the respects alleged in her petition, and you believe that the plank, in the condition in which it was, rendered the said passageway unsafe for use by foot passengers, under the circumstances plaintiff was using the same, and that defendant, in permitting the plank to be in such condition, was guilty of negligence, as that term has been heretofore defined, and you believe that such negligence, if any, was the direct cause of plaintiff's injury, if any, and you do not believe that plaintiff was herself guilty of negligence in using the said passageway, you will return a verdict for plaintiff, without regard to whether you believe the said tunnel was being constructed by defendant, or by an independent contractor, but unless you so find you will return a verdict for defendant."

The objection urged to this charge is that it erroneously authorized the jury to find that the appellant was guilty of negligence if it knew and acquiesced in the use of the passageway by the public and failed to keep same in a safe condition, when the evidence shows that appellee was a trespasser, and appellant was therefore under no duty to her to keep said passageway safe, and further, that it submits an issue of negligence not made by the pleadings.

The contention that appellee was a trespasser in using the passageway under the circumstances shown by the evidence and therefore appellant owed her no duty in regard to the safety of said passageway can not be sustained. As we have before said, we think the issue of implied invitation to the public to use said passageway was raised by the evidence, and appellee, under the facts of this case, can not be held as a matter of law to have been a trespasser. If, as found by the jury, the public had the right to assume that the passageway was placed there for its use, and if appellant knew and acquiesced in such use by the public, it was its duty to keep same in safe condition or to use ordinary care in this regard.

The petition, as before shown, alleges in effect that by constructing said passageway at the place and in the manner shown by the evidence the appellant invited its use by the public, and because of such implied invitation the failure of appellant to keep said passageway in safe condition was negligence. The issues presented by the

charge complained of being raised by the pleading and evidence were properly submitted to the jury, and the assignment must be overruled.

The fifth assignment complains of the submission to the jury of the issue of contributory negligence. The contention under this assignment that the evidence shows, as a matter of law, that appellee was guilty of contributory negligence, has been disposed of by what has been before said and the assignment is overruled.

The sixth assignment of error is without merit. The evidence was sufficient to warrant the jury in finding that appellee's impaired capacity to work would continue for an unlimited time and might be permanent, and it was therefore proper for the court to submit as an element of damage the impaired ability of appellee to earn money in the future.

The issues raised by the pleadings and evidence were fairly and sufficiently submitted by the charge of the court and there was no error in refusing the special charges requested by appellant, the refusal of which is complained of under the seventh, eighth and ninth assignments.

No error being shown by any of the assignments, the judgment of the court below should be affirmed, and it has been so ordered.

*Affirmed.*

Writ of error refused.