SCHUMM v. ANDERSON et al.    (No. 5394.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 20, 1915. On Rehearing, Feb. 10, 1915.)

1. APPEAL AND ERROR (§ 1012*)—REVIEW—FINDINGS.

Where an action at law for personal injuries was tried to the court, its findings cannot be disturbed, if supported by sufficient evidence, though they are against the preponderance of the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3990–3992; Dec. Dig. § 1012.*]

2. MUNICIPAL CORPORATIONS (§ 819*)—EXCAVATION IN STREET—ACTIONS FOR PERSONAL INJURIES—SUFFICIENCY OF EVIDENCE—NEGLIGENCE.

In an action for personal injuries received by one who fell into a trench in the street, evidence *held* sufficient to support a finding that the trench was not guarded at that point by barriers or lights.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1739–1743; Dec. Dig. § 819.*]

On Rehearing.

3. MUNICIPAL CORPORATIONS (§ 819*)—EXCAVATION IN STREET—ACTIONS FOR PERSONAL INJURIES—SUFFICIENCY OF EVIDENCE—CONTRIBUTORY NEGLIGENCE.

In an action for personal injuries received by one who fell into a trench in a city street, evidence *held* to support a finding that the plaintiff was not intoxicated at the time.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1739–1743; Dec. Dig. § 819.*]

Appeal from District Court, Bexar County; W. F. Ezell, Judge.

Action by Charley Anderson against Charles Schumm and another. Judgment for the plaintiff, and defendant Schumm appeals. Affirmed, and motion for rehearing overruled.

Diedrich A. Meyer, of San Antonio, for appellant. T. H. Ridgeway, of San Antonio, for appellee.

CARL, J. Appellee, Charley Anderson, sued appellant, Chas. Schumm, and the city of San Antonio, for damages on account of personal injuries received by him from falling into an open ditch on Soledad street, near Travis street, in the city of San Antonio. Appellant was a contractor with the city in digging the ditch. It is alleged that the said contractor and the city were negligent in leaving the deep ditch open without being fenced and properly guarded by lights, and that, on account of such negligence, appellee, Anderson, fell into said ditch and received serious and permanent personal injuries. The court, before whom the case was tried without a jury, gave judgment against appellant and the city of San Antonio in the sum of $750, and judgment in favor of the city over against Schumm for the same amount. Schumm alone has appealed.

[1] The first, third, fourth, and fifth assignments question the correctness of the judgment on the ground that appellee's injuries were the result of his own negligence. It is claimed in these assignments that the "preponderance" of the evidence shows that plaintiff's injuries were sustained through his own negligence. In matters of this kind, where the evidence has been heard by a jury or by the court, this court is not permitted to inquire into whether there is a "preponderance" of the testimony one way or the other, but only whether there is sufficient evidence to support the finding of the jury or court.

[2] Appellant offered rather strong testimony to the effect that appellee, Anderson, knew the ditch was open, talked to other men about it, and that proper lights were there to guard it; also that Anderson was drinking. We may even say that appellant made rather a strong case of carelessness and contributory negligence against Anderson. However, there was equally strong and cogent testimony on the other side. Appellee testified that he did not know the ditch was there at all that night; that his eyesight was not very good; and that there were no fences, barriers, or lights at that place, and it was dark, and he walked straight into the ditch without knowing that it was there. He says he knew there was a ditch on Travis street, but did not know they had been digging on Soledad street for a week. Miss Bertha Edwards testified that:

"There was absolutely no fence or barrier around that ditch. * * * No, sir; I did not see any red lights on that particular corner. I am not a good judge of distance, but the closest

---

light was about the length of this room (court-room) from there."

E. H. Wagner said:

"I didn't see any lights on the hole he fell in. * * * I didn't see any fence or barriers on the side next to the car track."

He said, on cross-examination:

"I noticed a light on the hole next to the one where the accident happened, and I made the remark: 'It's funny there was a light on every hole except the one he fell in.'"

Mr. A. W. Boazman said he was returning from the First Baptist Church to his place of business on Soledad street, and he noticed that there were no lights on some of the holes on Travis street, and he went to the corner to get a policeman to have him attend to the matter, and when he got back appellee had fallen into the hole. He said there were no lights on the hole appellee fell into. The nearest light he saw was 30 feet away. These were all disinterested witnesses who attended the trial in obedience to subpœnas. Mr. Boazman says Anderson impressed him as being perfectly sober.

The court found against appellant on the whole testimony, and found that appellee was not guilty of contributory negligence. And where there is as much evidence to sustain the findings of the court as there is in this case, even though this court were otherwise disposed to do, we have no authority to disturb those findings. These assignments are overruled.

In the second assignment it is asserted that the preponderance of the testimony shows that the plaintiff sustained his injuries through his own negligence, and that he was intoxicated, and deliberately and wantonly sat down next to the excavation and intentionally slid down into the same.

Dr. Q. B. Lea and others testified that appellee was not drunk, while some, who are probably well qualified to know when a man is drunk, said he was intoxicated. In this state of the evidence, the trial court's finding is final. The assignment is overruled.

The judgment is in all things affirmed.

## On Rehearing.

[3] In the original opinion we stated that Dr. Lea had testified that appellee was not drunk, but the using of Dr. Lea's name in that connection was an oversight and error. He did not so testify.

Those who testified, in substance, that appellee was not drunk were appellee himself, J. T. O'Toole, Miss Edwards, and Boazman. O'Toole said:

"In my judgment, he was not drunk. He came in the saloon and got a glass of beer from me, and I asked him to take another, and he said, 'No,' that he was going home. He didn't seem to be drunk at that time."

And on cross-examination this witness said:

"I am sure he was sober; I can tell when a man walks up to me whether he is drunk or sober."

Miss Edwards said:

"He acted to me as if he was perfectly sober, but very much hurt."

Mr. Boazman said:

"I took Charlie Anderson in the house. He impressed me as being perfectly sober; his face was right next to mine, and I did not smell anything."

As opposed to these witnesses, Poe, Martinez, Edge, Dr. Lea, Hutzler, and a man by the name of Brady testified that appellee was drunk. Brady says:

"I did not ask him any questions or speak to him; he may have been drinking some. A good many people around there said he was drinking and something was the matter with him."

And on cross-examination said:

"* * * He was a little tottery, a little wobbly, looked like. He staggered and wobbled along a little bit when he crossed the ditch."

The other witnesses mentioned said Anderson was drunk.

In this state of the evidence on that matter we would not disturb the finding of the trial court, who heard and saw the witnesses.

The evidence as to whether there were or were not lights at the place was equally conflicting, and, for the reason above, this court would not disturb the trial court's finding.

The motion is overruled.