## BOOK v. HEATH. (No. 5551.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 15, 1915. Rehearing Denied Jan. 10, 1916.)

1. LANDLORD AND TENANT ☞164 — LANDLORD'S DUTIES — CONDITION OF PREMISES — DUTY TO LICENSEE.

Where the tenant of an office building secured permission from the janitor to use the back stairs to reach a river in the rear for bathing purposes, and was injured by falling down such stairs when returning after his bath, the owner of the building was not liable, since the tenant was a mere licensee, to whom the owner owed no duty as to the condition of the stairs, except not to permit him to encounter a hidden peril known to the owner, or to willfully cause him harm, though as to one invited the owner is under the obligation to maintain the premises in a reasonably safe and secure condition.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 630–637, 639, 641; Dec. Dig. ☞164.]

2. LANDLORD AND TENANT ☞164—DUTIES OF LANDLORD—CONDITION OF PREMISES—DUTY TO TENANT.

The owner of an office building owed no duty to a tenant to maintain in safe condition a back stairway, not appurtenant to the offices in the building, which led into the back yard, since it could not be anticipated that the tenant would use such stairway.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 630–637, 639, 641; Dec. Dig. ☞164.]

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by E. M. Heath against D. D. Book. Judgment for plaintiff, and defendant appeals. Reversed, and cause remanded.

Arnold, Cozby & Peyton, of San Antonio, for appellant. O. M. Fitzhugh, of San Antonio, for appellee.

FLY, C. J. [1] This is an action for damages instituted by appellee against appellant, and a trial of the cause resulted in a

verdict and judgment for appellee in the sum of $2,500. It was alleged in the petition that appellant was the owner of a certain four-story store and office building on Houston street, in the city of San Antonio, known as the "Book Building"; that appellee was a real estate agent, and had his office in a room on the second floor of that building, which room he rented from appellant; that on the rear of the ground floor there was a back gallery from which a stairway led to the back yard, which extended to the river; that on or about June 19, 1914, appellee, desiring to take his two minor sons and two other boys down to the river to bathe, asked the agent of appellant in charge of the building how he and the boys could reach the river from the rear of the building, and was informed about the rear stairway, to which access was obtained through a pool room on the ground floor; that appellee went through the pool room, used the stairway in reaching the river, and attempted to return to his office, and while ascending the staircase it fell, and he was injured. The negligence is alleged to consist in the invitation of appellant to appellee to use an unsafe and defective stairway.

Appellee was either a licensee or a party invited to use the stairway on the occasion of his fall and consequent injury. If he was a mere licensee, he was using the stairway on the passive consent of the owner. If, however, appellee was using the stairway at the request, solicitation, or desire of the owner, then he was there upon the invitation of the owner, and a different relation from that of a licensee would be established between him and the owner. An owner owes to a licensee no duty as to the condition of the premises, unless duties are imposed by statute, except to not permit him to encounter a hidden peril known to the owner, or to willfully cause him harm; but as to one invited he is under the obligation to maintain the premises in a reasonably safe and secure condition. An invitation may be express, as when the owner in terms invites another to come upon the premises, or make use of it or something thereon, or it may be implied when the owner by acts or conduct leads another to the belief that such use is not only acquiesced in by the owner, but is in accordance with the intention or design for which the way or place or thing was adapted, prepared, and allowed to be used. Beehler v. Daniels, 18 R. I. 563, 29 Atl. 6, 27 L. R. A. 512, 49 Am. St. Rep. 790; Turess v. Railway, 61 N. J. Law, 314, 40 Atl. 614; Furey v. Railway, 67 N. J. 270, 51 Atl. 505; Plummer v. Dill, 156 Mass. 426, 31 N. E. 128, 32 Am. St. Rep. 463; Sesler v. Coal Co., 51 W. Va. 318, 41 S. E. 216.

It is easy to formulate and promulgate general rules of law, but difficulties and perplexities arise in the application of such rules to the facts of the concrete case presented for solution or decision, and those difficulties are often augmented by the obtrusion of matters into it that, while they seemingly have connection with it, in truth and fact should not enter into consideration. In this case the fact that appellee was the lessee of a room on the second floor of the building was considered by court and jury as a factor in arriving at a conclusion as to a decision in the case. The case should be considered as though appellee had merely entered the building with the intent of asking permission to leave the building by the back stairway for the purpose of taking his boys to the river to take a bath. The evidence fails to indicate that appellee had any more rights in connection with the back stairway than any other person from the street who might have asked for permission to use it. It was in no way connected with his office, and did not constitute a way of egress or ingress thereto. In order to reach it, a pool room rented by another man had to be used. The entrance to the offices was through a front door to an elevator or front staircase. The evidence fails to indicate that use of stores which were rented to other men and use of the back stairway was in contemplation of the parties when the rental contracts for offices were entered into, but the evidence does show that the back stairway was for the benefit of those who rented the stores on the ground floor and who might for the purposes of their business desire to use the yard in the rear of the building. There is no pretense that appellee desired to use the stairs for any purpose connected in the remotest degree with the uses for which the office was rented. That he had to use the stairway in order to get back to the office after the swimming party was over could offer no reason or excuse for his use of the stairs. If he had not used the stairs for a purpose utterly foreign to the object for which his office was rented and for his own and the pleasure of the boys, he would not have been in a position to need the back staircase to get back to his office. The use of the stairs in order to get a bath was of no possible benefit to appellant and had no interest whatever to him. He had made no contract with appellee, express or implied, to furnish stairways to offer approach to the river for bathing or any other purpose. The permission of the owner for the renter to use the back stairs for purposes of his pleasure alone should not be distorted into an invitation to use the stairs, and thereby render him liable for damages for failing to furnish a safe way for appellee to indulge his pleasure.

Appellant by his contract bound himself, impliedly if not expressly, to furnish safe means of entry into and departure from the office rented by appellee, and it may be that he was bound to provide for the safety of appellee in any part of the building that his

business might lead him, but a back stairs for bathing purposes cannot be read into the contract, nor can the consent by the janitor to the use of stairs for such purposes be construed into an invitation to so use them. No reason can be assigned for such an invitation, and the accomplishment of appellee's desire to use the stairway could not have redounded to the benefit, comfort, or pleasure of appellant, and had no relation to the business carried on by him. As was said by the Supreme Judicial Court of Massachusetts in the case of Plummer v. Dill, 156 Mass. 426, 31 N. E. 128, 32 Am. St. Rep. 463:

"It is well settled there [that is, in England] that, to come under an implied invitation, as distinguished from a mere license, the visitor must come for a purpose connected with the business in which the occupant is engaged, or which he permits to be carried on there. There must at least be some mutuality of interest in the subject to which the visitor's business relates, although the particular thing which is the object of the visit may not be for the benefit of the occupant. * * * The diligence of counsel and an extended examination of the authorities have failed to bring to our attention any case in which the owner or occupant of a place fitted up for ordinary use in business has been held, by the condition of his premises, impliedly to invite persons to come there for a purpose in which the occupant had no interest, and which had no connection with the business actually or apparently carried on there."

The Massachusetts case has been cited in the able decision of the Fifth Court of Civil Appeals in the case of Railway v. Kinslow, 172 S. W. 1121. In that case the decision is made to rest on the proof that appellant was interested in the business that brought appellee upon the premises of appellant. No such case is presented by this record.

The kind of invitation which makes an owner liable to an invited person is clearly set forth by the Supreme Court of New Jersey in the case of Phillips v. Library Co., 55 N. J. Law, 307, 27 Atl. 478. That court said:

"The gist of the liability consists in the fact that the person injured did not act merely" for his own convenience and pleasure, and from motives "to which no act or sign of the owner or occupier contributed, * * * but was in accordance with the intention and design for which the way or place was adapted and prepared or allowed to be used."

There is nothing in the evidence that tends to show that any but the renters of the stores should ever use the back stairs, for whose benefit they were built. We feel confident that, so far as the back stairs were concerned, appellee occupied the relation of a licensee to appellant, and that the latter had no concern or interest in the bathing of appellee or his boys. As to the back stairs appellee stood in the same relation to appellant as would any citizen of San Antonio who had no contractual relations with appellant. Kirby Lumber Co. v. Gresham, 151 S. W. 847; Railway v. Thomas, 48 Tex. Civ. App. 646, 107 S. W. 868.

In Elliott on Railroads, § 1249, it is stated that there is no invariable test as to whether the circumstances of a case evidence an invitation or a license, but it is said:

"That of mutuality, as announced by the Supreme Court of Massachusetts, seems to be the best that has been suggested."

The author then copies and indorses the rule promulgated in the case of Plummer v. Dill, herein cited. Again, it is said by the same author, in section 1250, that it is not the duty of the landowner to notify a licensee of ordinary dangers incident to the use of the premises but:

"The better rule is that the licensee takes his license subject to its concomitant perils, and the licensor, as a general rule, owes him no duty except to refrain from willfully or wantonly injuring him, or to exercise ordinary and reasonable care after discovering him to be in peril."

The cases cited by appellee, in addition to those cited by appellant, give no aid or support to his contention that appellee was invited by appellant to go through a storeroom under the control of a tenant and use a stairway built for the convenience of those occupying the storerooms. If any one had the authority to use the stairway, it was one of the renters of the storerooms. Appellant was under no obligation to prepare a safe means for appellee and his boys to go to the river to bathe. He had not contracted for nor paid for any such privileges, and he was not the guest of appellant at a bathing party.

[2] We have treated this question as though the janitor may have had the authority to extend invitations to persons to use different parts of appellant's building for purposes not contemplated in the rental contract, but the evidence fails to show that he had any such authority. He may have had the authority to show rooms to prospective tenants and to collect rents, but the evidence indubitably shows that he had no authority to issue invitations or to grant special privileges to any tenant. The building was under the absolute control and management of appellant, except when he went off on a vacation, and then he always put some other person than the janitor in control of the building. The fact that others may have used the back staircase could not render appellant liable. The evidence discloses that, if there was such use, it was without the knowledge or consent of the owner, and it does not appear that any tenant above the ground floor had ever used such back stairway. Such stairway was not appurtenant to and had no connection with the offices in the building, and appellee had no more right to use it than any person who had no rental contract with the landowner. Appellant owed no duty to appellee to maintain the back stairway in a safe condition. It could not be anticipated that a renter of a room on the second floor would ever go through a storeroom occupied by another renter and go down the stairway to take a bath in a river in the center of a city.

The judgment is reversed, and the cause remanded.