KOCH v. NOSTER. (No. 5583.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 26, 1916.)

1. APPEAL AND ERROR ☞1003 — REVIEW — FINDING.

The mere fact that more witnesses gave evidence on one side than on the other does not authorize the Court of Civil Appeals to disturb a jury's finding.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3938–3943; Dec. Dig. ☞ 1003.]

2. APPEAL AND ERROR ☞1003 — REVIEW— FINDING.

The Court of Civil Appeals cannot say whether it thinks the evidence preponderates one way or the other, when it is conflicting on the points at issue, the conflict has been determined by the jury, and such finding is not so clearly against the great weight of the evidence as to show prejudice, bias, or that manifest injustice has been done.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3938–3943; Dec. Dig. ☞ 1003.]

3. APPEAL AND ERROR ☞742—ASSIGNMENT OF ERROR—SUFFICIENCY.

An assignment of error, which refers to no paragraph of the motion for new trial, is not a copy of any part thereof, and is not followed by any proposition or statement, as provided by the rules governing briefs before the Court of Civil Appeals, will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ☞742.]

4. APPEAL AND ERROR ☞1170—REVERSAL— RULE OF COURT.

Under rule 62a of the Court of Civil Appeals (149 S. W. x), prohibiting reversal for harmless error, the Court of Civil Appeals cannot reverse for error from which no substantial injury resulted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. ☞1170.]

Appeal from Victoria County Court; J. P. Pool, Judge.

Action by John Koch against F. J. Noster. From a judgment for defendant, plaintiff appeals. Affirmed.

R. L. Daniel, of Victoria, for appellant. J. L. Dupree, of Victoria, for appellee.

CARL, J. John Koch sued F. J. Noster in the justice court of precinct No. 1, Victoria county, to recover $104.43, with interest from January 1, 1914, alleging that he had expended that sum in a certain suit to clear the title to 10 acres of land which Noster had sold appellant. It was alleged that after Koch had bought the land appellant contracted to sell the land to one certain George, and upon examination of the title it was ascertained that there was an outstanding title, and that Koch thereupon called upon Noster in reference thereto; that Noster agreed that, if Koch would go ahead and pay the expense of clearing the title, Noster would repay him said sums paid out, which was estimated would be about $100; that the suit was filed and judgment obtained, and the cost which Koch paid was $104.43. This amount Noster refused to pay when called upon for it.

Appellee denied the allegations, and contended that, as the land he still owned was in the same condition, he told appellant that he would pay his part; but the suit was only as to the part sold. In the justice court, judgment was for the plaintiff; but in the county court, on appeal, the case was tried before a jury, and resulted in a judgment in Noster's favor.

[1, 2] The first assignment is that the court erred in refusing plaintiff's motion for a new trial because the verdict was contrary to the preponderance of the evidence. The evidence was conflicting as to the contract alleged, or as to whether it was made as charged. The mere fact that more witnesses gave evidence on one side than did on the other would not authorize us to disturb the jury's finding. Appellant and his witnesses swore to one set of facts, and appellee swore to a different set of facts. The jury see the witnesses and determine where the greater weight lies. It is not for this court to say whether we think the evidence preponderates one way or the other, when it is conflicting on the points at issue and has been determined by a jury, and such finding is not so clearly against the great weight of the testimony as to show prejudice or bias, or to show that manifest injustice has been done. This rule is so well established that it ought not to be necessary to cite authorities; but litigants appear still to doubt it, because the question is so often presented to this court. That being true, we give a few only of the many cases so holding. Anderson v. Schumm, 172 S. W. 1121; Smith v. Guerre, 175 S. W. 1093; Nat'l Surety Co. v. Silberberg Bros., 176 S. W. 97; Lisle-Dunning Const. Co. v. McCall, 167 S. W. 810; Mo. Pac. Ry. Co. v. Brazzil, 72 Tex. 236, 10 S. W. 403. The assignment is overruled, and the second assignment, raising the same question in a different form, is also overruled.

[3] The third assignment will not be considered, because it does not refer to any paragraph of the motion for a new trial, is not a copy of any part of the motion for a new trial, and is not followed by any proposition or statement as provided by the rules governing briefs before this court.

[4] The fourth assignment does not refer us to the record where same may be found; but even if we give full consideration to the same as it is set out in the brief, still the matters complained of would not justify us in reversing the judgment, under rule 62a (149 S. W. x), because we do not believe any substantial injury resulted therefrom.

The judgment is affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes