## WHEELER v. KALLUM.

### No. 1215.

Court of Civil Appeals of Texas. Eastland.

Feb. 2, 1934.

Rehearing Denied March 2, 1934.

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, for appellant.

Cox & Hayden, of Abilene, for appellee.

HICKMAN, Chief Justice.

On January 13, 1933, appellee sustained serious personal injuries by a fall through the awning of a building owned by appellant in the town of Merkel, and the appeal is from a judgment for damages on account of the injuries thus sustained. The lower floor of the building was occupied by tenants; one operating a barber shop, and the other a café. The upper floor was not occupied at the time of the accident, and had not been for a period of two years or more. The door leading into this floor was closed, locked, and barred, and no signs were displayed indi-

cating that this floor was occupied. There was an iron stairway attached to an adjoining building which led only to the second story of appellant's building. This stairway landed on the east end of an awning, and the distance from the landing to the entrance of the second floor across the awning was more than 20 feet. Appellee Kallum was an inspector for the state board of barber examiners, and was in the town of Merkel in discharge of his duties as such inspector. Dr. Wm. M. Gambill, who practiced the profession of dentistry in the town of Merkel, had an invention which he thought would be valuable for use in barber shops, and which he desired to exhibit to appellee. He learned from the barber occupying the lower floor of appellant's building that appellee was in town, and thereupon sought and found him in another barber shop some distance away. Upon making appellee's acquaintance, Dr. Gambill told him of his invention and invited him to his office to inspect it. The office occupied by Dr. Gambill was in a building immediately west of and adjoining appellant's building, but with no connection between it and the awning in front of appellant's building. The approach to his office was by a stairway inside of the building in which same was situated. At the foot of this stairway, and in open view of pedestrians on the sidewalk, his sign was prominently displayed. After completing his duties as inspector in the town of Merkel, appellee, in seeking Dr. Gambill's office, admittedly through mistake, went up the stairway onto the awning of appellant, and as he approached the locked and barred door to the second floor of appellant's building the awning gave way, precipitating him to the sidewalk below and resulting in his injuries.

In answer to special issues, the jury made the following fact findings: (1) The awning to appellant's building was unsafe for people to go upon. (2) Appellant knew of its unsafe condition. (3) Appellee did not know of its unsafe condition, (4) and could not have known it by the exercise of ordinary care. (5) Appellant was negligent in permitting the awning to be in the condition that it was in on January 13, 1933, the date of the injury, (6) which was the proximate cause of the injuries sustained by appellee. (7) Appellant was negligent in failing to place an obstruction or sign on the stairway to prevent persons from ascending it, (8) which was the proximate cause of the injuries received by appellee. (9) Appellee believed that he was going to Dr. Gambill's office at the time he fell. (10) Appellee was not negligent in

going upon the awning. Damages were assessed in the amount of $2,250. From a judgment rendered in accordance with the verdict this appeal has been prosecuted.

By proper assignments it is presented that the trial court erred in overruling appellant's request for a peremptory instruction, presented before the charge was read to the jury, and likewise erred in overruling his motion for judgment notwithstanding the verdict. These assignments present the contention that appellee was a trespasser on appellant's premises at the time of the injury, who must take them as he found them, and to whom appellant owed no duty except to refrain from wantonly or willfully injuring him. Appellee in his brief concedes that, if he was a trespasser, he showed no right of recovery, but seeks to uphold the judgment upon the ground that he was an invitee of appellant. If that is the determining issue, the question, to our minds, is not a difficult one. The applicable test is whether appellee had present business relations with appellant which would render his presence of mutual benefit to both. Certain it is that appellee was not on appellant's premises in connection with any of appellant's business, or on any business of any character with which appellant was concerned. On the contrary, he was admittedly there through mistake. He had information that Dr. Gambill occupied an office in that vicinity, and mistakenly thought that the stairway which he ascended led to the doctor's office. No act of appellant was responsible for that mistake. Under these facts it cannot with reason be held that appellee was upon the awning by the invitation, express or implied, of appellant. Galveston Oil Co. v. Morton, 70 Tex. 400, 7 S. W. 756, 8 Am. St. Rep. 611; Fleming v. Texas Loan Agency, 24 Tex. Civ. App. 203, 58 S. W. 971; Kruse v. Houston & Texas Central Ry. Co. (Tex. Civ. App.) 253 S. W. 623; Book v. Heath (Tex. Civ. App.) 181 S. W. 491; Foster Lumber Co. v. Rodgers (Tex. Civ. App.) 184 S. W. 761; Kirby Lumber Co. v. Gresham (Tex. Civ. App.) 151 S. W. 847; Williamson v. G., C. & S. F. Ry. Co., 40 Tex. Civ. App. 18, 88 S. W. 279; Houston Belt & Terminal Ry. Co. v. Rogers (Tex. Civ. App.) 44 S.W.(2d) 420; Ward v. Kellogg, 164 Mo. App. 81, 148 S. W. 174; Printy v. Reimbold, 200 Iowa, 541, 202 N. W. 122, 205 N. W. 211. 41 A. L. R. 1423.

In a well-considered case note to the authority last above cited (41 A. L. R. 1423), the author uses this language: "It seems to be the well-settled rule that one who, through

mistake, enters on private premises, occupies the status of a trespasser, and the owner of the premises owes him no duty other than that of refraining from willfully injuring him, or of taking steps to protect him if his danger is discovered. Being a trespasser, he enters at his own peril, and the owner is under no duty to anticipate the entry and provide against his injury." Many cases supporting the note are cited. One of these cases is Blatt v. McBarron, 161 Mass. 21, 36 N. E. 468, 42 Am. St. Rep. 385. In that case a constable had in his hand for service a writ against a person who, as he supposed, resided in a certain building, but who in fact did not reside there, but in another house on the opposite side of the street, and who was not in the building which the constable entered. The owner of the building had done nothing to induce the constable to believe that the person against whom the process ran occupied his building. The officer was injured because of the dangerous condition of the building in which he entered through mistake. The opinion of the court, after detailing these facts, employed this language: "The plaintiff was a trespasser, because his office and his writ gave him no right to enter upon the property of a stranger, unless the person whom the writ directed him to serve with a summons either resided there or was actually in the building."

■ Having concluded that appellee was a trespasser at the time of his injury, does it follow that appellant was not liable for the injuries sustained by him? To state the question differently, does the common-law rule that a trespasser must take the premises as he finds them, and the owner or occupier thereof owes him no duty other than the negative one of refraining from willfully or wantonly injuring him, obtain in Texas? The rule does not obtain as between railroad companies and trespassers upon their tracks. It is the settled rule of law in this state that such companies owe to such trespassers the affirmative duty of exercising reasonable care to discover their presence thereon, and that they may be held liable for injuries resulting from their failure to keep a proper lookout to discover their presence. Houston & T. C. Ry. Co. v. Sympkins, 54 Tex. 615, 38 Am. Rep. 632; St. Louis Southwestern Ry. Co. v. Watts, 110 Tex. 106, 216 S. W. 391; Pecos & N. T. Ry. Co. v. Suitor, 110 Tex. 250, 218 S. W. 1034; Sears et al. v. T. & N. O. Ry. Co. (Tex. Com. App.) 266 S. W. 400; Wichita Falls, R. & F. W. Ry. Co. v. Crawford (Tex. Civ. App.) 19 S.W.(2d) 166.

■ The doctrine of discovered peril has been extended by our courts to include danger not yet absolutely entered into, but into which entry is about to be made. Houston & T. C. Ry. Co. v. Finn, 101 Tex. 511, 109 S. W. 918. A very slight extension of that rule would render the owner of dangerous premises liable for his failure to post a warning sign for trespassers whose presence should be reasonably anticipated.

The late Dean Townes of the University of Texas Law School is the author of two notable articles appearing in Texas Law Review on the general subject of the basis of liability arising from dangerous premises. The first of these articles begins in volume 1, p. 1, and the second in volume 1, p. 389. In them a very able argument is made that liability in such cases should rest, not upon an answer to the question of whether the injured person was a trespasser, a licensee, or an invitee, but rather upon the common-law principle that one must so use his own as not uselessly to injure his neighbor. For the benefit of any members of the bar who might read this opinion, and to whom volume 1 of Texas Law Review is not presently available, we quote from the learned dean's article as follows:

"An owner or occupier of land must use such care as a man of ordinary prudence would use under the circumstances to prevent serious hurt to others because of the dangerous condition of his premises when such condition is known to him and may be remedied or guarded against readily and with reasonable cost, when the presence of other persons and their exposure to such hurt may reasonably be anticipated.

"The duty of care would under this rule be based on the concurrence of two states of fact. First, dangerous condition of the property, known to the owner, not necessary to its use, and capable of being easily remedied; and, second, facts which would show a reasonable probability that someone—including the injured person—would come in contact with such dangerous condition and be hurt. Neither of these alone would raise the duty. If the premises were dangerous but the circumstances did not raise a reasonable anticipation that someone would come on to them and be hurt, there would be no duty to use care to prevent improbable and unforeseeable injury. On the other hand, if the premises were frequented by others but there were no dangerous conditions, known to the owner giving warning of serious hurt, the duty of care would not arise. The duty

would arise only upon reasonable likelihood of hurt which includes both the means of hurt and probable exposure thereto. To state it differently, the duty to use care to prevent hurt would arise only when such hurt was reasonably foreseeable, i. e., when a man of ordinary prudence and judgment, cognizant of all the facts, would reasonably anticipate hurt as a natural and probable result from the facts."

It is claimed by the author that the adoption of the rule suggested would make the law as to the liability of the owner of dangerous premises for hurts arising from such condition, whether to adults or children, at once simple, certain, and just. As applied to the so-called turntable cases, it is claimed that the adoption of the suggested rule "would obviate the supposed necessity of declaring attractiveness to be evidence of invitation, and of requiring the courts and juries to base their judgments on invitation contrary to the evidence and known facts." Under this rule, attractiveness would be relevant and convincing evidence, not of invitation, but of anticipation of exposure to hurt. This theory of liability would do away with all distinctions between invitees and licensees, and would likewise do away with all distinctions between invitees and trespassers whose presence should have been reasonably anticipated. In 36 A. L. R. pp. 34 to 294, is an extended case note on the general subject of attractive nuisances. Beginning on page 292 of 36 A. L. R., the learned author of that note sets down his conclusions arrived at from a study of the many cases cited and digested. These conclusions, in the main, are the same as those advocated by Dean Townes. Anticipation of easily preventable hurt is made the essential element of liability. The learned trial judge in the instant case has so submitted same as to comprehend this theory of liability, and undoubtedly the facts present a typical case for its application, if same is the law in this state, and if the evidence would support the jury's finding that appellant should have anticipated appellee's presence on the awning.

But a study of the adjudicated cases has convinced us that the common-law rule regarding the care owing by the owner or occupier of dangerous premises to a trespasser obtains generally in this state. The case of a trespasser on a railroad track is an exception. Houston & T. C. Ry. Co. v. Sympkins, supra. Judge Townes does not contend that the theory advocated by him is the law

as declared by the decisions of the courts of our state, but rather that it should be the law. Be that as it may, our plain duty is to follow the law as announced by our Supreme Court, and we think that court has announced rules of decision which exonerate appellant of liability in the instant case, even though the facts should indisputably support the conclusion that the presence of appellee upon the awning should have been anticipated by appellant.

In the case of Galveston, H. & S. A. Ry. Co. v. Matzdorf, 102 Tex. 42, 112 S. W. 1036, 20 L. R. A. (N. S.) 833, 132 Am. St. Rep. 849, the plaintiff went to a depot to say good-bye to a departing passenger, and on entering the waiting room, kept and maintained by the railroad company for passengers, she was caused to fall by a piece of wire projecting from a door mat, which penetrated her shoe as she stepped upon it. In the opinion, written for the court by Justice Williams, the plaintiff was given the status of a licensee, whose presence should have been anticipated by the railroad company, and in that state of facts it was held that the owner owed no duty to her to keep the waiting room and its approaches in a safe condition. The judgment of the lower court was, for that reason, reversed and rendered in favor of the railroad company.

In the case of Kruse v. Houston & T. C. Ry. Co. (Tex. Civ. App.) 253 S. W. 623, a merchant was injured by falling through a rotten platform maintained by the railroad company. He was on the platform to weigh cotton, which he had purchased from third persons, and which was usually thereafter shipped over the company's lines. His presence on the platform not only could have been anticipated, but was actually known and permitted. The court held that he was a licensee, and not an invitee, and accordingly affirmed the judgment of the trial court based upon a peremptory instruction in favor of the railroad company. Many authorities could be cited, but in addition to those heretofore cited in support of our holding that appellee was a trespasser, we think the following will suffice: Burnett v. Fort Worth Light & Power Co., 102 Tex. 31, 112 S. W. 1040, 19 L. R. A. (N. S.) 504; City of Greenville v. Pitts, 102 Tex. 1, 107 S. W. 50, 14 L. R. A. (N. S.) 979, 132 Am. St. Rep. 843; Brush Electric Light & Power Co. v. Lefevre, 93 Tex. 604, 57 S. W. 640, 49 L. R. A. 771, 77 Am. St. Rep. 898.

Appellee relies upon the following cases: Galveston Oil Co. v. Morton, 70 Tex. 400,

7 S. W. 756, 758, 8 Am. St. Rep. 611; Book v. Heath (Tex. Civ. App.) 181 S. W. 491; Gerneth v. Galbraith-Foxworth Lumber Co. (Tex. Com. App.) 36 S.W.(2d) 191; Houston & T. C. Ry. Co. v. Boozer, 70 Tex. 530, 8 S. W. 119, 8 Am. St. Rep. 615; Galveston, H. & S. A. Ry. Co. v. Schuessler, 56 Tex. Civ. App. 410, 120 S. W. 1147. We have considered these authorities, but are of the opinion that they do not support appellee's contention that he was an invitee upon appellant's premises.

It is our conclusion that appellant's request for a peremptory instruction should have been granted. There appears no reason for remanding this cause for another trial.

It is accordingly our order that the judgment of the trial court be reversed, and that judgment be here rendered in favor of appellant.