Edward Conway *v.* The City of Beaumont.

(Case No. 1764.)

1. DAMAGES — PLEADING.— See statement of case for facts pleaded held insufficient to render a municipal corporation liable for damages.

2. DAMAGES — MUNICIPAL CORPORATION.— In a large class of cases no action for damages will lie against a municipal corporation. No fixed rule can be laid down which will embrace every character of *tort* for which such a corporation is liable; all that can be done with safety is to determine each case on its own facts as it arises. Following Lloyd *v.* Mayor of New York, 1 Selden. 369; Richmond *v.* Long, 17 Grattan, 375, and other cases cited.

3. SAME.— Since a municipal corporation is not uniformly liable for torts of the character attempted to be set forth in the petition, it was the duty of the pleader to set forth the special facts on which the liability in the particular case was claimed.

APPEAL from Jefferson. Tried below before the Hon. W. H. Ford.

Suit by appellant in the district court of Jefferson county.    The cause was tried on a general demurrer and a special exception of defendant to plaintiff's petition, the latter going to so much of the petition as sought a recovery of punitory damages against the defendant corporation.    The petition charged that, on the 1st of March, 1883, William Langham, the legally constituted city marshal of the city, which was a legally authorized and organized city government and public corporation under the laws of the state of Texas, did, under an order of the city council of said city, to him directed, tear down, carry away and appropriate to the use and benefit of the city, unlawfully, a small house owned and occupied by plaintiff in the city, as a coffee stand, of the value of $125, and its contents, of the value of $147.45, and property of the total value of $306, to the damage of plaintiff in the sum of $660; and that the order of the city council of the city directed that officer to take down and remove the house and other property of plaintiff, with a wicked, wilful and malicious intent, knowing the same to be unlawful, to injure the plaintiff and deprive him of his lawful rights as a citizen and destroy his business, which was a lawful one, and not because the said house and property obstructed the travel or passage along said Pearl street, and to the damage of plaintiff in the sum of $10,000, and prayed citation (which was served acco:dingly) on the mayor and city secretary of the city.    Judgment was rendered upon the exceptions, sustaining the same.

*O'Brien & John*, for appellant.

*Tom J. Russell*, for appellee, cited: 1 Dillon on Mun. Corp., § 10; Bailey *v.* Mayor, etc., of New York, 3 Hill, 531; Western S. F. Society *v.* City of Philadelphia, 31 Pa. St., 175; New Orleans R. R. Co. *v.* City of New Orleans, 26 La. Ann., 478; 28 Mich., 228; De Voss *v.* Richmond, 18 Gratt. (Va.), 338.    Also, as to acts done in execution of powers of the corporation, Child *v.* Boston, 4 Allen, 41. See, as to liability of municipal corporations, 4 Wait's Act. & Def., p. 632, § 2; Stewart *v.* New Orleans, 3 La., 461; Maximillian *v.* Mayor, 62 N. Y., 160; Central R. R Co. *v.* Read, 37 Ill., 508; Maund *v.* Monmouthshire Canal Co., 4 Man. & G., 452; Hay *v.* Cohoes Co., 3 Barb., 42 (affirmed, 2 N. Y., 159); Moore *v.* Fitchburg R. R. Co., 4 Gray, 456; Bath *v.* Canton, 37 Mich., 199; Chicago R. R. Co. *v.* McCarthy, 20 Ill., 358; Carman *v.* N. Y., 14 Abb. Pr., 301; Hanvey *v.* Rochester, 35 Barb., 177; 40 N. Y., 442; Quin *v.* Patterson, 27 N. J. L., 35; 5 La. Ann., 660; 12 id., 15.    See Southern L.

Rev. (N. S.), vol. V, No. 2, article "Respondeat Superior," p. 238, § 5; Clark v. Washington, 12 Wheat., 40; Mears v. Wilmington, 9 Ired. (N. C.), 73; 11 Gray, 345; Dayton v. Pease, 4 Ohio, 80; Buffalo Turnpike Co. v. City of Buffalo, 58 N. Y., 639; 4 Wait's Act. & Def., p. 419, §§ 9, 10.

WEST, ASSOCIATE JUSTICE.— The petition in this case was defective in that it failed to set out such a state of facts as would make the appellee liable to an action for damages, if in fact such an action would lie at all under the facts here partially disclosed.

Whatever difference there may be between the courts of different states as to this character of suits (a difference that attention was called to by this court in the case of Navasota v. Pearce, 46 Tex., 525), they all agree that in a certain large class of cases no action of this kind will lie against a municipal corporation.

It is said by all the text-writers and by many eminent judges, that no rule on this subject can be so precisely stated as to embrace all the torts for which it has been held by some court or another that a private action will lie against a municipal corporation. All that can be done with safety is to determine each case on its own facts as it arises. Lloyd v. Mayor of New York, 1 Seld., 369; Richmond v. Long, 17 Gratt., 375; Dargan v. Mobile, 31 Ala., 469; Stewart v. New Orleans, 9 La. Ann., 461; Hill v. Boston, 122 Mass., 344.

The rule is sometimes laid down by the text-writers in general terms to this effect: that where the act complained of was done in discharge of some duty that was public in its character, and not private, then the corporation cannot be held liable. 2 Dillon on Mun. Corp. (3d ed.), ch. 23, secs. 970, 974 to 977 et seq.

It not, then, being the general rule that municipal corporations are uniformly liable for torts of this character, it becomes the duty of the pleader to set forth the special facts on which the liability in any particular case is claimed.

It is impossible from the meager statements of the petition to determine with certainty under what circumstances the acts complained of took place. There is an averment that the act done was unlawful, but how and in what its illegality consisted is not made to appear.

It may perhaps be gathered, or at least inferred, from the petition, that probably the house that was removed was occupying a part of Pearl street so as to obstruct the travel or passage along that street. If that were so, it would seem not only not unlawful

for the city council to direct the attention of the city marshal to it, but to see that proper steps were promptly taken to abate the nuisance so created.

It does not appear from the statements in the petition that the act done was of such a character, or was performed in such a manner, as necessary, without further averments, to show a cause of action against appellee.

Without dwelling further on the matter, it may be enough to say that this is not a proper case in which to consider the question as to how far, if at all, municipal corporations are liable for supposed torts of the character set up in the petition. All we desire to say is that the petition now under consideration in its present form does not in this case disclose a cause of action.

AFFIRMED.

[Opinion delivered February 1, 1884.]