# FIRST DISTRICT, 1896.

JAMES BATES v. CITY OF HOUSTON.

Delivered September 17, 1896.

**Municipal Corporation—Liability for Acts of Health Officers.**

A city corporation can not be held liable for the acts of its health officers in wrongfully confining, or quarantining, a citizen supposed to be afflicted with small-pox, since, in this respect, the city is exercising a governmental duty for the benefit of the public at large, recognized by the statutes of the State.

APPEAL from Harris. Tried below before Hon. S. H. BRASHEAR.

*John A. Kirlicks* and *Henry F. Fisher*, for appellant.—1. The court erred in sustaining the general demurrer to plaintiff's petition, because, if the allegations in said petition were true, they constituted a good cause for action, and the defendant would be liable for the injuries complained of. City of Galveston v. Posnainsky, 62 Texas, 120; Baugus v. City of Atlanta, 74 Texas, 629; Klein v. City of Dallas, 71 Texas, 281; Heigel v. Wichita County, 84 Texas, 393; City of Ysleta v. Babbit, 28 S. W. Rep., 702; City of Austin v. Retz, 72 Texas, 392; Barnes v. Dist. of Columbia, 91 U. S., 540; 1 Dillon, Mun. Corp., 45; Cooley on Torts, 625; Wharton on Neg., 625; Groves v. Fort Wayne, 45 Ind., 429; Higgert v. Greencastle, 43 Ind., 574; Lindholm v. St. Paul, 19 Minn., 245; Jasen v. Atchison, 16 Kans., 358; Conrad v. Ithica, 16 N. Y., 158; Kurz v. City of Troy, 104 N. Y., 344; Erie v. Schwingle; 22 Pa. St., 384; Albretton v. Huntsville, 60 Ala., 486; City of Springfield v. Le Claire, 49 Ill., 476; Blake v. City of St. Louis, 40 Mo., 570; Dewey v. City of Detroit, 15 Mich., 311; Wheeler v. Troy, 20 N. H., 80; Jones v. City of New Haven, 34 Conn., 1; O'Neil v. City of New Orleans, 30 La. Ann., 120.

[No brief for appellee reached the Reporter.]

GARRETT, CHIEF JUSTICE.—Appellant brought an action against the city of Houston to recover damages for alleged injuries done to him by George W. Larendon, as health officer of said city. The petition averred that the appellee was a voluntary municipal corporation of the State of Texas, with power to take charge of and care for persons afflicted with small pox, and had selected and appointed said Larendon its city health officer and agent to act in behalf of the city as its agent in all matters pertaining to said disease and the isolation, arrest, detention and quarantine of any persons afflicted with said disease, or supposed to be so afflicted.

That G. W. Larendon, the officer and agent of the defendant corporation, illegally, arbitrarily and wrongfully invaded the premises and home of appellant in his said capacity, and did surround and isolate said home in the city of Houston about May 3, 1893, and place a guard around appellant's home, preventing all egress and ingress for a period of about five days, and appellant was thus not permitted to perform his daily and accustomed work, nor permitted to go from said premises to his accustomed calling; and that his teams and wagons, through which he earned a livelihood, were also kept enclosed upon his said premises, and in an enforced idleness, also to his great damage.

That it was untrue that any cause or reason existed for such duress, either as against appellant or any member of his family or teams, that not one on his premises was afflicted with small pox, and that the acts of said health officer in that behalf were without foundation, and made with disregard of appellant's rights.

That appellant, during such confinement, was not allowed to purchase

necessary food for the sustenance of his wife and children; that he suffered privation, hardship and hunger by reason of said confinement and quarantine, and that by the reason of the odium, scandal and repute of having been afflicted with the loathsome disease of small pox, so brought about by said wrongful, illegal and unauthorized confinement, prevented his minor children, whose earnings he was entitled to, from securing employment or earning money, to his further damage; and also preventing appellant from earning money through his teams, as the general public and his customers in particular were afraid to come in contact with him and his teams and refused him employment, to his further great damage. A general demurrer to the petition was sustained by the court below, and the appellant having declined to amend, judgment was rendered in behalf of the city.

Under its charter the City of Houston had power to appoint persons who, with the mayor, should constitute a board of health, and to appoint a health physician and health inspectors. The powers conferred upon the city council were ample enough to authorize an ordinance providing for the isolation and quarantine of persons infected with dangerous and pestilential diseases. Spec. Laws 23rd Leg., page 40, secs. 56 and 57. In the absence of a statute, the liability of the city depends upon whether or not, in the acts complained of, its health physician was its servant or its agent engaged in the doing of an act for the private corporate benefit of the city, or was a public officer in the discharge of public governmental duties. In the latter event, the city would not be liable.

This question has received considerable attention from our Supreme Court, as well as other courts, State and Federal. In an exhaustive opinion by Chief Justice Stayton, the distinction is pointed out, and a city is held liable in its private or corporate character for injuries resulting from a defective condition of its streets and sidewalks. City of Galveston v. Posnainsky, 62 Texas, 120. See also, 2 Dill. Mun. Corp., secs. 961-968; Lenzen v. City of New Braunfels, 35 S. W. Rep., 341; City of Victoria v. Jessel, 7 Texas Civ. App., 520.

On the other hand, the doctrine that a city is not liable for the negligent or willful acts of its officers in the discharge of duties imposed for the public or general benefit, is fully established and recognized. Harrison v. City of Columbus, 44 Texas, 418; Corsicana v. White, 57 Texas, 382; Conway v. City of Beaumont, 61 Texas, 10; Rusher v. City of Dallas, 83 Texas, 151; Whitfield v. City of Paris, 84 Texas, 431; Keller v. Corpus Christi, 50 Texas, 614; Ogg v. Lansing, 35 Iowa, 495; Murtaugh v. City of St. Louis, 44 Mo., 479; City of Richmond v. Long, 17 Gratt. (Va.), 375; Brown v. Inhabitants of Vinalhaven, 65 Me., 402; Pollock v. Louisville, 13 Bush. (Ky.), 221; Dargan v. Mayor of Mobile, 31 Ala,, 469.

It has also been said by some of the courts that the distinction is hard to be made in some cases and that each case must rest upon its own facts. The case of Aaron v. Broiles, 64 Texas, 316, is a case

where the city itself was guilty of negligence.   There can be no difficulty in placing the case before us clearly in the category of those in which the city is exercising a governmental duty for the general benefit of the public at large.   The nature of this power is recognized by the statutes of the State concerning public health.   Rev. Stats. (1895), arts. 4321 et seq.

The judgment of the court below will be affirmed.

*Affirmed.*