## J. M. BUTTERWORTH V. CITY OF HENRIETTA

### Decided March 23, 1901.

**Municipal Corporation with Waterworks—Negligence—Liability for Injury by Fire.**

A municipal corporation undertaking by the establishment of waterworks, or through other means, to prevent the destruction by fire of the property of its inhabitants, is not· liable to them for the burning of such property in consequence of its failure, or that of any agency employed by it, to accomplish that result. Lenzen v. City of New Braunfels, 13 Texas Civil Appeals, 335, not followed.

Appeal from Clay.   Tried below before Hon. A. H. Carrigan.

*Barrett & Barrett,* for appellant.

*Allen & Wantand,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This appeal is from a judgment sustaining a demurrer to the petition to the petition of appellant, wherein he sought to recover of appellee damages in the sum of about $5000, caused by the burning of property belonging to him situated in the town or city of Henrietta.

The petition alleged as a ground of liability that the city of Henrietta owned and operated a system of waterworks "purchased and erected by means of taxation on the property situated" therein, and maintained by "tolls and rents" charged the inhabitants for the use of water.   That this was done for the "city's advantage and profit;" that appellant "was a patron of said waterworks, paying the usual and customary rates, and was a taxpayer of said city;" and that said city, by reason of the facts so alleged, "assumed the duty and became bound to supply its public with water" for the general purposes for which water was used and for the extinguishment of fires.   The petition further alleged a negligent and willful failure on the part of the city to furnish the water necessary to extinguished the fire which destroyed his property, and that if this duty had been discharged the fire would have been extinguished.

Evidently the pleader undertook to make a case parallel to that of Lenzen v. City of New Braunfels, 13 Texas Civil Appeals, 335, decided by the Court of Civil Appeals for the the Third District, and which is mainly relied on here to support the contention that the court erred in sustaining the demurrer to the petition.   The question discussed with so

much learning and ability in the opinion of Chief Justice Fisher in that case is one which has time and again been considered by courts of the highest authority, and we do not feel inclined, therefore, to again reproduce what has been so often said upon it. We deem it sufficient to state that we understand the decisions to hold, some upon one ground and some upon another, that a municipal corporation undertaking by the establishment of waterworks, or through other means, to prevent the destruction by fire of the property of its inhabitants, is not liable to them for the burning of such property in consequence of a failure of such municipality, or any agency employed by it, to accomplish that result. House v. Waterworks Co., 88 Texas, 233; Shanework v. City of Fort Worth, 11 Texas Civ. App., 271, and authorities cited in these two cases.

The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused by the Supreme Court.