### CITY OF GREENVILLE v. A. C. PITTS.

No. 1789. Decided February 5, 1908.

**1.—Electric Wires—Insulation—Duty to Trespassers.**

While the proprietor of an electric lighting system owed the duty of properly insulating its wires placed on the roof of a private building, for the protection of such persons as had a right to go upon the roof, such duty did not extend to trespassers or mere licensees upon the premises, and they could not recover for injury caused by its failure so to do. (P. 3.)

**2.—Same—Case Stated.**

A city policeman climbed at night onto the roof of a private building to detect unlawful gambling going on in an adjoining house, and there was injured by contact with an electric wire maintained by the city and not properly insulated. There was no means of access to the roof provided, and he reached it by climbing over adjoining buildings. Held that, whether regarded as a trespasser or a licensee, the city owed him no duty to preserve the insulation of its wires for his protection under such circumstances, and that he could not recover. (Pp. 2, 3.)

**3.—Same—Agency.**

The disqualification of plaintiff to recover was not affected by the fact that he was an officer of the defendant city and engaged in a laudable effort to discharge his duty, nor that his intention to do so had been disclosed to and approved by the mayor of the city. (P. 3.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Hunt County.

Pitts sued the city of Greenville for injuries to the person and recovered judgment. Defendant appealed, and on affir1ance obtained a writ of error.

*L. L. Bowman,* City Attorney, and *Yates & Carpenter,* for plaintiff in error.—In order to warrant a finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances. Brush Electric L. & P. Co. v. Lefevre, 93 Texas, 604; St. Louis & S. W. Ry. Co.

of Texas v. Pope, 98 Texas, 535; Rucker v. Sherman Oil & Cotton Co., 29 Texas Civ. App., 418; Hector v. Boston Electric Light Co., 25 L. R. A., 554.

The city was only required to use ordinary care to guard against such dangers as might reasonably be expected to result from a failure to have the wire where plaintiff was hurt insulated, and as there was no such danger unless some person might come in contact with said wire when charged with electricity, the city would not be liable unless it had reasonable grounds for expecting some person to come in contact therewith at such time.   Brush Elec. L. & P. Co. v. Lefevre, 93 Texas, 604; Texas & P. Ry. v. Bingham, 90 Texas, 223; Neely v. Ft. Worth & R. G. Ry., 96 Texas, 274.

Notice to an officer who had no authority over the electric wires of the city, and who was charged with no duty in relation thereto, would not affect the city with notice.   City of Austin v. Colgate, 27 S. W., 896; City of Austin v. Meyers, 55 S. W., 742.

*Bennett & Spearman* and *Jones & Connor,* for defendant in error. —The evidence not only raises the issue of appellant's negligence proximately causing appellee's injuries, but clearly sustains the verdict of the jury.   Rucker v. Sherman Oil & Cotton Co., 29 Texas Civ. App., 418; Overall v. Louisville Electric Light Co., 47 S. W., 442; McLaughlin v. Louisville Electric Light Co., 37 S. W., 851.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

The defendant in error was a policeman in Greenville, and suspecting that persons were gambling in a room in the upper story of a building in the city, he, on several occasions at night, ascended to the roof of an adjoining one-story building in order that he might see into the suspected place through its windows.   After he had done this once or twice and had seen gambling going on, he stated his action to the mayor and expressed the opinion that it would be best, before making arrests, to continue his watch, in order to identify a greater number of the persons thus violating the law, to which the mayor assented.   He again went upon the roof at night, and in moving about he came in contact with and was burned by an electric wire which belonged to the city and was used in connection with its electric lighting plant in supplying light.   This wire extended north and south with and near to a fire-wall between the building on which plaintiff was and an adjoining one, and ran down the partition wall between the two at one end.   The insulating material upon it had become defective to such an extent as to render contact with it dangerous.   The city operated its plant at night, its wires not being charged with electricity in the day time, except on a few rare occasions.   No way had been provided by the owner of the building upon which plaintiff went for getting upon it, and plaintiff reached its roof by climbing upon a fence in its rear and then passing over the top of a low adjoining room. · Access to the roof could also be had from the gallery of a near-by hotel across the walls and roof of an intervening house.   It was shown that at times, during parades and like occasions, people had gone upon these roofs in the day time, but

not at night. Plaintiff had no invitation or express permission from the owner of the building to go upon it.

We do not doubt that it was the duty of the city to the owners of the buildings, their servants, employes, and anyone else who may have had a legal right to go upon the roofs, to exercise proper care in maintaining the wire upon the partition wall to protect them against injury from contact with the wire. Giraudi v. Electric Imp. Co., 28 L. R. A., 596; Ennis v. Gray, 87 Hun (N. Y.), 355; Clements v. Louisiana Electric Light Co., 16 L. R. A., 43; Illingsworth v. Boston Electric L. Co., 25 L. R. A., 552. But it owed no such duty to trespassers or bare licensees. Hector v. Boston Electric L. Co., 25 L. R. A., 554; 1 Thompson on Neg., secs. 946, 947, and cases cited.

Plaintiff was invested with none of the legal rights which pertained to the ownership of the building or an interest therein. He went upon it for purposes of his own and not in the interest of the owner. If he was not a trespasser, he certainly was no more than a licensee under an implied license. If he be regarded as such a licensee, this would not clothe him with any legal right in the use of the building. It would merely relieve him of any imputation of being an unauthorized trespasser. Though his act be regarded as lawful, or even praise-worthy, he nevertheless was using the premises of another for purposes of his own, without any legal right in himself which entitled him to object to the condition in which the owners maintained them.

The city, it appears, maintained its wire partly upon the wall of buildings belonging to others and partly in the space above such wall. This was the affair of the city and the owners of the property. We must assume that the wire was there lawfully. As to the plaintiff, having no right with respect to such wall and such space, they are to be regarded as the premises, not only of the owner of the lot and the buildings, but of the city. Neither was under legal duty to keep them safe for the plaintiff. If the roof had fallen in with plaintiff, would anyone contend that the owner would be liable to him? In what does the attitude of the city differ? It was not keeping its wire in a public place, where all had the right to go, or might be expected to go, but on private premises, which we must presume it had acquired some right or permission so to use, and was under no duty, in keeping its property there, to one like plaintiff, who went there without invitation or inducement from anyone interested in such premises. (Dobbins v. Missouri, K. & T. Railway Co., 91 Texas, 62.) Plaintiff's official character does not affect this question. The city, as owner of its light plant, occupied the position, so far as this case is concerned, of any other proprietor, and we know of no principle which makes it the duty of a proprietor to keep his premises safe for the use of such officers when they have occasions to go thereon in pursuit of violators of the law. Nor did the conversation with the mayor add anything to plaintiff's rights. The mayor did not instruct or invite the plaintiff to go upon the house, but merely agreed with him in the plan which he had himself conceived. Besides, the mayor was not the representative of the city as owner of

the light plant; and, lastly, such an assent as this transaction might imply, if given by an owner himself, would be no more than a mere permission or license, authorizing the licensee to enter the premises in their existing condition and carrying no duty to alter them for his use.

We conclude that defendant in error has no right of action against the city and the judgment of the District Court and of the Court of Civil Appeals will be reversed and judgment will be entered for plaintiff in error.

*Reversed and rendered.*