### BARNES et al. v. CITY OF WACO. (No. 72.)

(Court of Civil Appeals of Texas. Waco. May 15, 1924. Rehearing Denied June 12, 1924.)

1. **Municipal corporations ⊚⇒747(3)—Maintenance of fire station governmental function, and rule of respondeat superior does not apply.**

The maintenance of a fire department is a general public duty, and the employees thereof are officers charged with a public service, and the rule of respondeat superior does not apply to their invitee falling through a hole in a fire station.

2. **Municipal corporations ⊚⇒745½—City not liable for acts of employees in governmental character.**

While a municipal corporation is acting strictly within its governmental character for the general public welfare, it is not liable for the acts of its employees.

3. **Municipal corporations ⊚⇒847 — City not liable for injuries by defective fire station.**

A city is not liable in damages to a citizen who as invitee of firemen is injured by a defective fire station.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

Action by Lillian E. Barnes and others against the City of Waco. From judgment for defendant, plaintiffs appeal. Affirmed.

J. E. Yeager, of Waco, for appellants.
Jno. McGlasson, of Waco, for appellee.

BARCUS, J. This is an appeal from the judgment of the trial court sustaining a general demurrer to appellants' petition. Appellants, who are the widow and minor children of Dr. J. S. Barnes, deceased, for cause of action alleged in substance that the appellee had taxed its citizens and inhabitants for the purpose of and had erected a building known as the Bell's Hill fire station within its corporate limits, and had employed firemen to take charge thereof and to stay there in possession of such building and to operate it for the benefit of appellee and its inhabitants to prevent fire, and to protect property against fire from which appellee derives its sustenance by taxation of its said citizens; that in the erection of said building appellee left a dangerous opening in the second floor, known as a wellhole, shoot, or doorway, about 14 feet above the first floor thereof, through which the firemen jumped, or climbed down a center iron post when a fire was announced; that in the erection of said building appellee negligently left such hole or opening unguarded with railings, cages, or trapdoors, or barriers of any kind as provided by its ordinances for the protection of its employees or visitors, and that with knowledge and due notice of same, it had maintained such opening in such condition for many years; that on December 11, 1922, Dr. Barnes, the husband and father of appellants, a resident practicing physician and taxpayer of Waco, was invited by the firemen in possession and occupancy of such fire station to come to the second floor of said building to make an examination of one of its fireman who had made application for an insurance policy, because said fireman could not leave the station and his duties to go to the physician's office; that while so engaged in making the examination for said fireman, Dr. Barnes stepped into said hole in the second floor and fell to the bottom or ground floor on the solid concrete, and was thereby killed. Appellants further claimed that the city was negligent, in that the firemen in charge of said building kept a writing desk near said opening.

[1-3] Municipal corporations are invested with two kinds of special powers and charged with two kinds of duties. The one kind is private, that is to say, merely municipal and for special local purposes and benefits. The other is of a political or governmental character for the general public welfare. The maintenance of a fire department is in the nature of a general public duty as contradistinguished from those duties purely municipal and local, and the employees thereof are not mere agents or servants of the municipality, but rather officers charged with a public service. While a municipal corporation is acting strictly within its governmental character for the general public welfare, it is not liable for the acts of its employees. In such case the maximum respondent superior does not ap-

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ply. Whitfield v. City of Paris, 84 Tex. 431, 19 S. W. 566, 15 L. R. A. 783; 31 Am. St. Rep. 69; Butterworth v. City of Henrietta, 25 Tex. Civ. App. 467, 61 S. W. 975; Bates v. City of Houston, 14 Tex. Civ. App. 287, 37 S. W. 383; City of Greenville v. Pitts, 102 Tex. 1, 107 S. W. 50, 14 L. R. A. (N. S.) 979, 132 Am. St. Rep. 843. Appellee was not responsible for its firemen inviting Dr. Barnes to the fire station. The firemen were acting as the servants of appellee in its governmental functions. The fire station was erected to promote purely governmental affairs. The city is not liable in damages to a citizen who is injured by a defective fire station 19 R. C. L. p. 1117, § 398. The allegations of appellants' petition show that the hole left in the second floor of the fire station was left for the convenience and use of the firemen while acting for the general good of the public. In the case of Brown v. District of Columbia, 29 App. D. C. 273, 25 L. R. A. (N. S.) 98, a case very similar to this, it was held that the municipal corporation was not liable.

Appellants' contention is that appellee having assumed control of its fire department and erected fire stations and employed firemen whose duty it was to use the fire-fighting equipment, it thereby was acting in its private corporate capacity, rather than in a governmental function. This question has been settled against appellants' contention. Shanewerk v. City of Fort Worth, 11 Tex. Civ. App. 271, 32 S. W. 918; Gillespie v. City of Lincoln, 35 Neb. 34, 52 N. W. 811, 16 L. R. A. 349; Dodge v. Granger, 17 R. I. 100, 24 Atl. 100, 15 L. R. A. 781, 33 Am. St. Rep. 901; 1 Dillon on Municipal Corporations (5th Ed.) par. 301; Healy v. Kansas City, 277 Mo. 619, 211 S. W. 59.

Dr. Barnes was a mere licensee in the building erected by appellee for special use of its fire department, and it owed him no duty to keep the property in safe condition. It was appellee's property, erected and used for its governmental functions. Greenville v. Pitts, supra; Dobbins v. M., K. & T. Ry. Co., 91 Tex. 60, 41 S. W. 62, 38 L. R. A. 573, 66 Am. St. Rep. 856; 29 Cyc 449.

There was no error in the trial court sustaining the general demurrer to appellant's petition.

The judgment is affirmed.