## ADKINSON v. CITY OF PORT ARTHUR.*
### (No. 1487.)

Court of Civil Appeals of Texas. Beaumont.
Feb. 26, 1927.

Rehearing Denied March 3, 1927.

1. **Master and servant** ⟲→364—**City held not liable, under Workman's Compensation Act, for fireman's injuries (Vernon's Ann. Civ. St. 1925, art. 8306 et seq.).**

Workman's Compensation Act (Vernon's Ann. Civ. St. 1925, art. 8306 et seq.), *held* not applicable to cities and towns, consequently injured fireman could not recover under its provisions for injuries received in course of his employment by city.

2. **Municipal corporations** ⟲→733(1)—**City held not liable, at common law, for injuries to fireman; department being "governmental function."**

City *held* not liable, at common law, for injuries sustained by city fireman through faulty construction of drill tower; maintenance of fire department by city being "governmental function," rather than corporate function.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Governmental Function.]

3. **Municipal corporations** ⟲→733(1)—**City drill tower for training firemen held building to promote governmental rather than corporate functions.**

A drill tower, erected by a city for the purpose of training and drilling the members of its fire department, is a building to promote purely governmental affairs and functions rather than corporate functions.

Appeal from District Court, Jefferson County; J. D. Campbell, Judge.

Suit by Bruce Adkinson against the City of Port Arthur. From a judgment dismissing the suit, plaintiff appeals. Affirmed.

Jas. A. Harrison and O'Fiel & Reagan, all of Beaumont, for appellant.

Wistner & White, of Port Arthur, for appellee.

WALKER, J. We take the following statement of the nature and result of this suit from appellant's brief:

"This is a suit brought by appellant against appellee to recover the sum of $55,000 on account of personal injuries sustained by appellant in course of employment with the appellee.

"The city of Port Arthur is a municipal corporation, created and acting under a home rule charter.

"The appellant was a fireman employed by the city of Port Arthur under contract for wages.

"The city of Port Arthur had erected a wall or drill tower for the purpose of drilling the city firemen in scaling walls, and especially for the purpose of drilling them in the use of Pompey ladders.

"A Pompey ladder is a long pole with metal hook on the end, and with crossbars at regular intervals on same for steps.

"Two firemen are necessary in the use of this ladder and the method of operation is as follows: The ladder is raised to the first window and hooked over the window sill for support. The men then ascend the ladder crossbar steps. When they get to the first window, the men are strapped together for support. One of the men stands on the floor inside the tower at the window sill, and the other stands on the sill and raises the ladder and hooks same to the window next above. An iron rod or crossbar is built into the window for the purpose of handhold and protection against falling. One side of the tower or wall had iron crossbars in the windows, and the other side had no such crossbars.

"The appellant and one Riffley Robbins were ordered by the chief of the fire department, who was present, issuing orders and directing the drill, to Pompey the wall having no crossbars in the window.

"In obedience to this order they ascended to the first window, buckled themselves together with a strap provided for that purpose.

"Appellant was standing on the floor inside of the window, and Robbins was standing on the window sill to lift the ladder and attach same to the window sill next above.

"In order to do this, he had to lean or stand at a tangent or angle, and while doing so, slipped; there being no crossbar to hold to or for appellant to use as a brace, said Robbins fell, and, being strapped to appellant, appellant was jerked over the window sill, and they both fell to the ground, appellant receiving a broken back and other injuries, which rendered him a total permanent invalid and cripple.

"The facts are, as alleged in appellant's petition, that the city of Port Arthur operated under the provisions of the Workman's Compensation Law of Texas, and was entitled to insure its employees under the terms of said law, and had failed and refused to become a subscriber thereto, or thereunder, and the plaintiff stated in his petition a cause of action against defendant, based on said Workman's Compensation Law.

"The plaintiff also stated a cause of action at common law, based on the allegation that the drill tower or wall was erected by the city of Port Arthur, was its private property and used for its private and corporate benefit in drilling firemen, and alleged negligence in failing to exercise ordinary care to provide plaintiff with a reasonably safe place to work.

"The court sustained a general demurrer to plaintiff's petition, and, the plaintiff declining to amend judgment was entered, dismissing the suit, to which action plaintiff duly gave notice of appeal, perfected his appeal, and filed the transcript herein, in due time and in conformity with law.

"The court in its judgment as a reason for sustaining the demurrer stated that the petition did not set out a cause of action against the defendant at common law, and that the

Workman's Compensation Law of Texas does not apply to employees of a city as to injuries or damages, which the employee could not recover at common law."

[1] On the foregoing statement, his first proposition is as follows:

"The appellee, city of Port Arthur, is subject to the Workman's Compensation Law of Texas, and, having failed to become a subscriber under said law, is liable to appellant, an employee of defendant under contract of hire, for all damages sustained by him in course of his employment, arising out of or caused by the negligence of appellee, its servants, and agents, and appellant's petition stated a cause of action against appellee under the Workman's Compensation Law."

The City of Tyler v. Texas Employers' Insurance Association, 288 S. W. 409, is squarely in point against appellant's contention, holding affirmatively that cities and towns are not subject to the provisions of the Workman's Compensation Act (Vernon's Ann. Civ. St. 1925, art. 8306 et seq.), and thereby holding that cities and towns are neither subject to its burdens nor entitled to its benefits. In that case, the Commission of Appeals cites and holds unsound the very cases upon which appellant bases his proposition. On the authority of that case we hold appellant's petition was subject to the general demurrer wherein he based his cause of action on the provisions of the Workman's Compensation Act.

Appellant's second proposition is as follows:

"Said petition stated and set out a good and perfect cause of action against the defendant under the common law, in addition to a cause of action under the workman's compensation statute, in that it stated and set out that plaintiff, while in the employ of defendant and acting under the orders of his superior, who was authorized to give orders and force obedience to them, was injured on account of the negligence of defendant in not providing plaintiff a reasonably safe place to work; the duty of defendant in erecting and maintaining in a safe condition said drill tower upon which plaintiff was injured in a reasonably safe condition, so that plaintiff and other employees of defendant would not be subjected to extraordinary risks or dangers arising from the negligence of defendant, are not governmental functions, but, on the contrary, are corporate functions, and defendant in erecting said drill tower and in maintaining same in a safe condition was acting in a ministerial capacity, and therefore defendant is liable for the injuries to plaintiff, as fully set out in said petition."

The nature of appellant's petition, without further quoting it, is given in his statement, and is sufficient to raise the issues of fact

upon which the foregoing proposition is based. From his allegations, it is made to appear that his injuries were the result of appellee's efforts to create and operate an efficient fire department, and that the building and maintenance of the drill wall was an incident to the proper functioning of its fire department. It has been decided in this state (Barnes v. City of Waco [Tex. Civ. App.] 262 S. W. 1081):

"Municipal corporations are invested with two kinds of special powers and charged with two kinds of duties. The one kind is private; that is to say, merely municipal and for special local purposes and benefits. The other is of a political or governmental character for the general public welfare. The maintenance of a fire department is in the nature of a general public duty as contradistinguished from those duties purely municipal and local, and the employees thereof are not mere agents or servants of the municipality, but rather officers charged with a public service. While a municipal corporation is acting strictly within its governmental character for the general public welfare, it is not liable for the acts of its employees. In such case the maximum respondeat superior does not apply. Whitfield v. City of Paris, 84 Tex. 431, 19 S. W. 566, 15 L. R. A. 783. 31 Am. St. Rep. 69; Butterworth v. City of Henrietta, 25 Tex. Civ. App. 467, 61 S. W. 975; Bates v. City of Houston, 14 Tex. Civ. App. 287, 37 S. W. 383; City of Greenville v. Pitts, 102 Tex. 1, 107 S. W. 50, 14 L. R. A. (N. S.) 979, 132 Am. St. Rep. 843."

[2, 3] In that case, writ of error was denied. Since the drill tower was erected to promote purely governmental affairs and functions, appellee was not liable to appellant for the injury caused by its defective construction. 19 R. C. L. 1117, par. 398; Brown v. District of Columbia, 29 App. D. C. 273, 25 L. R. A. (N. S.) 98, collating most of the authorities on this proposition. Appellant concedes that the Courts of Civil Appeals so hold, but insists that, under the general proposition announced by the Supreme Court in Ostrom v. City of San Antonio, 94 Tex. 523, 62 S. W. 909, the operation of a fire department by a city must, in its very nature, be a "corporate," as distinguished from a "governmental," function. We do not think it necessary to follow appellant's argument further than to state his proposition, since the Supreme Court, by denying writ of error in Barnes v. City of Waco, must have accepted the legal proposition upon which that case was based.

It follows that the count in appellant's petition, based upon the theory of common-law liability, was subject to a general demurrer. The judgment of the trial court is in all things affirmed.