Mabel Theo **STREETY**, Appellant,

v.

Eugene V. **CHAMBERS** et al., Appellees.

No. 3789.

Court of Civil Appeals of Texas.

Eastland.

May 3, 1963.

Rehearing Denied May 31, 1963.

Carter, Gallagher, Jones & Magee, Billy B. Joiner, Dallas, for appellant.

Brundidge, Fountain, Elliott & Bateman, Dallas, for appellees.

GRISSOM, Chief Justice.

The widow of Alvah James Streety sued Eugene V. and Hiram L. Chambers to recover damages resulting from the death of her husband caused by blasting rock on defendants' premises. Burlison owns the 58 acre tract of land upon which the rock quarry is located. Burlison sold the rock, in place, to Dallas County and it contracted with the Chambers to blast and crush the rock. The Chambers entered on said premises in March, 1959, to conduct blasting operations. They completed that contract in July, 1959, and moved their equipment. They returned to the rock quarry on April 4, 1960, to conduct further blasting operations, moving their equipment back. On April 5th, the Chambers made the necessary preparation and detonated a blast at 4:45 P.M. The body of Mr. Streety was discovered on the rock pit floor, covered by rock, at 10:00 A.M., April 6th, by one of Chambers' employees. A geologist's hammer and leather pouch was by his body. On July 15, 1959, soon after the first blasting operation by the Chambers, an article appeared in a Dallas newspaper to the effect that fool's gold had been blasted out of the ground at a rock pit near Cedar Hill. The deceased was a rock hound and collected fool's gold and fossil rocks, as a hobby. He read that article and prior to the day of his death had visited the Burlison Rock Pit. Numerous fool's gold collectors visited the pit after July 15, 1959. When defendants were blasting there in 1959, four signs were on the premises bearing the word "explosives" in white letters on a red background. The defendants did not post such signs on the premises when they returned

on April 4, 1960. There was no evidence that defendants knew Streety was about the quarry, nor was there evidence that he was an invitee, or that defendants willfully, wantonly, or through gross negligence injured him. The jury found he was a trespasser. Appellant does not contend that this finding is without support in the evidence. It was undisputed that two persons searched the floor of the rock quarry fifteen to twenty-five minutes before the fatal blast and that one of the defendants drove down the road north of the quarry a few minutes before the blast and found no people or automobiles in the area and that traffic on old highway 57 was blocked both south and north of the quarry until after the blast and that a few minutes before the detonation defendants' employee looked into the pit and yelled, "Fire in the hole!"

The case was tried on the theory that (1) defendants owed a high degree of care to members of the public, but that (2) if deceased was a trespasser there was no liability. Defendants objected to the submission of issues based on the theory that defendants owed a "high" degree of care. A jury found that (1) Streety died as a result of the dynamite explosion; (2) that defendants, in the exercise of a "high" degree of care, should have known that some member of the public was likely to be within the danger area of the blast; (4 and 5) that the failure of the defendants to post signs warning of the blasting was a failure to use a "high" degree of care and a proximate cause of the death of Streety; (6 and 7) that defendants failed to keep a proper lookout and that such failure was a proximate cause of Streety's death; (10 and 11) that deceased failed to keep a proper lookout but that such failure was not the proximate cause of his death; (13 and 14) that the failure of the deceased to make his presence known to defendants was negligence but not a proximate cause of his death.

In answer to issue 15, the jury found that deceased was a trespasser on defendants' premises. Plaintiff objected to the submission of that issue upon the ground that Streety's status as a trespasser was immaterial because defendants were engaged in the highly dangerous activity of blasting with dynamite and that an affirmative answer thereto would not require a judgment for defendants. The court sustained defendants' motion for judgment predicated upon the theory that the jury's finding that deceased was a trespasser entitled them to judgment. Judgment was rendered for the Chambers and Mrs. Streety has appealed.

Appellant contends the court erred in overruling her motion for judgment on the verdict and in sustaining defendants' motion because the finding that Streety was a trespasser was immaterial in a case tried upon the theory that a user of explosives is under a duty to exercise a "high" degree of care for protection of the public. Appellant says the general rule that the possessor of land owes a trespasser no duty other than to refrain from injuring him by intentional or wanton conduct is too well established to require citation of authority; that the inapplicability of that rule to cases involving the use of explosives is not so well known but that in such cases the trespasser status of the person killed is immaterial. Appellant says that the user of explosives owes a duty to the public to use a high degree of care to protect it from the negligent operation of such a highly dangerous activity and the fact that a member of the public is a trespasser on defendants' premises does not affect defendants' liability.

■ Appellant relies principally upon the Supreme Court's decision in Dezendorf Marble Company v. Gartman, 161 Tex. 535, 343 S.W.2d 441. She says that opinion is decisive of the proposition that a user of explosives is under a duty to exercise a "high" degree of care for the protection of the public and that the trespasser status of the person killed is immaterial. Appellant points out that in the Dezendorf case there was a specific finding that the defendant knew, or should have known, that

"young children" were likely to be present on the premises. It cites decisions in railway cases to the effect that a user of dangerous instrumentalities is under a duty to exercise care for members of the public, without regard to the trespasser status of the injured person. The important question presented by appellant is whether, although Streety was an adult trespasser on appellees' premises and his death did not result from their willful or wanton acts, or their gross negligence, they are, nevertheless, liable in damages for his death. As we understand the law, under such circumstances, there is no liability. In Burton Construction & Shipbuilding Company, Inc. v. Broussard, 154 Tex. 50, 273 S.W.2d 598, our Supreme Court, in a paint explosion case, held that where an adult plaintiff was a trespasser on defendant's property the defendant owed him only the duty not to injure him willfully, wantonly, or through gross negligence. See also 65 C.J.S. Negligence § 24, p. 442; 40 Tex.Jur.2d 548–551; Texas-Louisiana Power Co. v. Webster, 127 Tex. 126, 91 S.W.2d 302 and Mendoza v. T. & P. R. Co., Tex.Civ.App., 70 S.W. 2d 261, 10 A.L.R.2d 22; Murphy v. City of Rotan, Tex.Civ.App., 139 S.W.2d 134, 139, (Writ Dis., C.J.); Wimberly v. Gulf Prod. Co., Tex.Civ.App., 274 S.W. 986; 22 Am.Jur. 139–145; Corder v. Houston Lighting & Power Co., Tex.Civ.App., 38 S.W.2d 606, (Writ Ref.); Missouri, Pac. R. Co. v. Hance, Tex.Civ.App., 310 S.W.2d 374, 376, (Ref. N.R.E.); McGinty v. Texas Power & Light Co., Tex.Civ.App., 71 S.W. 2d 354, (Writ Ref.).

In Galveston Oil Company v. Morton, 70 Tex. 400, 7 S.W. 756, 758, it was stated in 1888 in an opinion adopted by the Supreme Court that

"The doctrine is established * * * that a trespasser * * * who is injured by any dangerous machine or contrivance on the land or premises of another cannot recover damages unless the contrivance is such that the owner may not lawfully erect or use, or when the injury is inflicted willfully, wanton-

ly, or through the gross negligence of the owner or occupier of the premises."

Citing the above case as authority our Supreme Court, in 1941, in Carlisle v. J. Weingarten, Inc., 137 Tex. 220, 152 S.W.2d 1073, 1074, said

" * * * if plaintiff was on the premises merely as a licensee, the only duty that defendant owed her was not to injure her wilfully, wantonly, or through gross negligence."

In Texas Cities Gas Company v. Dickens, 140 Tex. 433, 168 S.W.2d 208, 210, our Supreme Court said

"The rule that there is no duty to keep premises safe for trespassers or licensees is for the protection of the property owner. So long as he creates no nuisance, he is entitled to use his property as he sees fit. He is entitled to assume that his possession will not be disturbed by outsiders. It would be placing an unreasonable burden upon him to require that he keep his premises safe for strangers who come uninvited on his land for purposes of their own. Such persons must take the premises as they find them; and if they fall into an unsuspected danger, the loss is their own. Galveston Oil Co. v. Morton, 70 Tex. 400, 7 S.W. 756, 8 Am.St.Rep. 611; City of Greenville v. Pitts, 102 Tex. 1, 107 S.W. 50, 14 L.R. A.,N.S. 979, 132 Am.St.Rep. 843."

Citing the Galveston Oil Co. v. Morton case, supra, and Fry v. Hillan, Tex.Civ.App., 37 S.W. 359 as authority the applicable, and, we think, correct rule is stated in 40 Tex. Jur.2d 551 as follows

"A trespasser or mere licensee who is injured by a dangerous machine or contrivance on the land or premises of another may recover damages only if the contrivance is one that the owner may not lawfully erect or use, or when the injury is inflicted wilfully, wantonly, or through the gross negligence of the owner or occupier of the premises."

See also Restatement of the Law of Torts, Volume 2, Section 333, page 901—Section 337, page 917; 30B Tex.Jur., page 241–249; Houston & T. C. R. Co. v. Sympkins, 54 Tex. 615, 621; Wheeler v. Kallum, Tex. Civ.App., 68 S.W.2d 591 and Tex.Com.App., 101 S.W.2d 225; City of Greenville v. Pitts, 102 Tex. 1, 107 S.W. 50, 14 L.R.A.,N.S., 979.

All of appellant's points have been considered. They are overruled. The judgment is affirmed.